UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADLIFE MARKETING &  )
COMMUNICATIONS CO., INC.,  )
    Plaintiff,  )
      )
v.  )    C.A. No. 19-316-JJM-LDA
      )
ASSOCIATED GROCERS, INC. AND  )
DOES 1 THROUGH 10 INCLUSIVE,  )
    Defendants.  )

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Adlife Marketing & Communications Co., Inc. ("Adlife") has sued Associated Grocers, Inc. and DOES 1 through 10 inclusive ("Associated Grocers") alleging that Associated Grocers violated the Copyright Act, 17 U.S.C. § 101 *et seq.*, by using copyrighted photographs without Adlife's permission, and breached the agreed to License Agreement and Amendment. Associated Grocers now moves to dismiss the breach of contract claim under Federal Rule 12(b)(6). ECF No. 17. For the following reasons, the Court GRANTS the motion.

I. BACKGROUND

The Court briefly summarizes the facts in the light most favorable to Adlife.

Adlife is an advertising and marketing agency located in Pawtucket, Rhode Island that provides a library of food and grocery-related photographs to its clients. Associated Grocers provides retail support services to independent grocers in Louisiana, Mississippi, and Texas. On January 27, 2017, Associated Grocers entered

into a Licensing Agreement ("the Agreement") that gave it the right to access and use certain food and grocery-related photographs. Adlife is the holder of all rights, title and, interest in the photographs, and has registered and received certifications for its photographs with the United States Copyright Office. Associated Grocers used the photographs pursuant to the Agreement. The Agreement was automatically renewed January 2018 and again in January 2019. On March 14, 2019, Associated Grocers notified Adlife that it no longer needed Adlife's services and would discontinue the use of Adlife's photographs pursuant to the Agreement.

Adlife claims that despite terminating the Agreement, Associated Grocers continued to use Adlife's copyrighted photographs in breach of the Agreement. It filed suit for copyright violations and breach of contract, Associated Grocers moved to dismiss the breach of contract claim, and upon Adlife's motion, the Court allowed Adlife to amend its complaint. Adlife later filed an Amended Complaint on January 10, 2020. ECF 16. Associated Grocers now moves to dismiss the breach of contract claim again for not alleging facts that give rise to a breach of the Agreement separate from the copyright infringement claim. ECF No. 17.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to

prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

III. DISCUSSION

Associated Grocers argues that Adlife's breach of contract claim is preempted under the Copyright Act. As the Court has determined that this point is dispositive of Associated Grocers' motion, it will consider it first.

There is a two-part test to determine whether a state-law claim is preempted under the Copyright Act: (1) whether "the work of authorship in which rights are claimed must fall within the 'subject matter of copyright' as defined in §§ 102 and 103

3

of the Act" and (2) "whether the state law asserted by a claimant creates 'legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.'" *See* 17 U.S.C. §§ 102–103, 106; *Patricia Kennedy & Co., Inc. v. Zam-Cul Enterprises, Inc.*, 830 F. Supp. 53, 55 (D. Mass. 1993). However, a state-law claim is not preempted "if a state cause of action requires an extra element, beyond mere copying ... [resulting in an action] qualitatively different from, and not subsumed within, a copyright infringement claim." *Data Gen. Corp v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Munchnick,* 559 U.S. 154 (2010) (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993)). When a state-law claim changes the nature of the action making it qualitatively different from the copyright claim, the state-law claim eludes preemption. *See Comput. Assocs. Intern., Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992).

This Court concludes that Adlife did not allege enough facts to remove its breach of contract claim from under the purview of its copyright claim. Mere conclusive statements are not enough to satisfy a 12(b)(6) standard of review. The Amended Complaint attempts to change the meaning of the breach of contract claim solely by changing "photographs" to "services" or "database" but continues to fail to allege plausible facts in support of a separate breach of contract claim. *See* ECF No. 16; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Because Adlife failed to allege sufficient facts to demonstrate that its breach of contract claim is

4

qualitatively different from its copyright claim, the Court is left to conclude that the Count I Copyright Act claim preempts the Count II breach of contract claim.

IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Associated Grocer's Motion to Dismiss.[1]  ECF No. 17.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Judge

April 14, 2020

---

[1] Considering its conclusion on pre-emption, the Court need not weigh in on Associated Grocers' added arguments in favor of dismissing Count II.